sometimes to be the case, the United States would be the gainer by the opinion from which it has here appealed. (6) That a considerable amount of adjustment, including a cutting of the fabric, must be accomplished in this country before the card clothing is attached to the cylinder and doffer fit for use. The question is one of degree, and here it is a close one. A machine which is dutiable as a whole may yet be imported in separate packages. To assemble the machine after importation requires some labor and adjustment. If the adjustment is small, the need of it does not make the several parts of the machine dutiable separately rather than as integral parts of a finished machine. But if, under the name of adjustment, a considerable part of the manufacture of the machine takes place in this country, so that the component parts, when imported, are related to the completed machine as raw material, that raw material is dutiable accordingly.

The Circuit Court sits to review the decisions of the Board of General Appraisers. It is vested with authority to reverse the decision of the board if, in the opinion of the court, the board has erred in law or in fact. Where the case is a close one, and the decision of it depends upon the difference between the adjustment of a machine already finished and the last stages in the manufacture of the same machine, considerable weight should be attached by this court to the opinion of experts like the General Appraisers, who are especially familiar with this kind of controversy. Upon the whole, I am not disposed to overrule the board by holding that the card clothing imported after attachment to the flats and rollers of a carding machine is part of a machine finished abroad, while the card clothing imported in lengths cut to suit the cylinders and doffers of the same machine, but unattached thereto, forms no part of the machine, but is dutiable as an independent article.

The decision of the Board of United States General Appraisers is affirmed.

---

### In re VOGT.

(District Court, E. D. New York. February 5, 1908.)

BANKRUPTCY—FUNDS IN THE HANDS OF RECEIVER—PAYMENT TO TRUSTEE.

It being impossible, on a motion by a trustee for an order directing a receiver in bankruptcy to pay over money in his hands, to determine the validity of certain mortgages or to pass on the question whether any claims have been proved before the referee, either as general or secured claims, with reference to the fund, on affidavits, or to settle questions of title, if any were raised, the trustee being required to participate in further litigation with reference to such mortgages, the fund may be permitted to remain in the hands of the receiver until further proceedings show what conditions should be attached to any disposition of the fund.

Francis R. Mullin, for trustee.
Roger Foster, for Franks.

CHATFIELD, District Judge. Certain moneys are in the hands of the receiver in bankruptcy, and the trustee has made a motion to have these moneys turned over to him, inasmuch as litigation with reference

to a $8,500 chattel mortgage, which was claimed as a lien upon these funds, has been terminated. Without attempting to interpret the language of the order under which these funds were deposited, it would seem that they should be now transferred to the trustee, if anything were to be gained by the change of the custody of these funds. It is impossible upon a motion and upon affidavits to determine the validity of the $3,800 and $2,000 mortgages, or to pass upon the question whether any claims have been proven before the referee, either as general or secured claims, with reference to the fund, or to settle questions of title, if such are raised.

It is apparently shown by the papers that the $2,000 mortgage has been satisfied of record. The trustee must either bring the appropriate action to set aside the $3,800 mortgage, and the necessary litigation with reference to the $2,000 mortgage must be instituted by the creditor, if the validity of that mortgage can be restored, or else the matter of these claims must be brought into this court by some proceeding under the bankruptcy law on behalf of the creditors who claim them. A determination of the validity of these liens would raise issues which cannot be determined on a motion of this character, and until a claim is put forward in some guise provided by the bankruptcy law no motion to expunge it can be made. The referee in bankruptcy to whom the case was originally referred is long since deceased, and no order appears upon the record referring the matter to any other referee. Without definitely passing upon this motion, it would seem that the custody of the fund might as well remain in its present condition until further proceedings can be had.

The motion will therefore be denied, without prejudice to renewal, or to further application to this court in any way that either party may be advised.

---

### LOOSE et al. v. HARTFORD PULP PLASTER CORPORATION et al.

(Circuit Court, D. Connecticut. February 1, 1908.)

#### No. 1,247.

1. CONTRACTS—ACTIONS TO ENFORCE—EQUITY—ADEQUATE REMEDY AT LAW.

    An action at law cannot be maintained to charge a defendant with liability because of his assumption of a contract to which he was not a party, and a suit to enforce such liability is cognizable in equity.

2. COURTS—JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP.

    A federal court has jurisdiction on the ground of diversity of citizenship where the parties designated in the bill as plaintiffs and defendants are respectively citizens of different states, and nothing appears from the bill which requires their rearrangement.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 855.

    Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

In Equity. On demurrer to bill.

Robinson & Robinson, for plaintiffs.
H. E. Hart and E. L. Smith, for defendants.